David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiffs John and Carol Kleja,
on their own behalf, and behalf of all others
similarly situated*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KLEJA and CAROL KLEJA, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., a California corporation and DOES 1-5, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiffs John and Carol Kleja ("Plaintiffs"), makes this complaint against Defendant Transworld Systems, Inc. ("Transworld" or "Defendant"), and Does 1 to 5 (collectively, "Defendants"). Plaintiffs' allegations as to their own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

### Introduction

1.      Defendant' business is the collection of consumer debt. Defendants use a predictive dialer to make telephone calls to cellular telephone numbers, often without the prior

1  express consent of the persons using those cellular telephone numbers. This practice violates the

2  Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA"). Plaintiffs assert a class claim

3  under the TCPA.

4    2.    Plaintiffs seek statutory damages and injunctive relief on their own behalf and on

5  behalf of a class under 47 U.S.C. § 227(b)(3).

6                                   **Parties**

7    3.    Plaintiff John Kleja is a natural person residing in Bethlehem, Georgia. Plaintiff

8  Carol Kleja is a natural person residing in Bethlehem, Georgia.  Plaintiffs bring this action on

9  behalf of themselves and others similarly situated.

10    4.    Defendant Transworld Systems, Inc. is a California corporation with its principal

11  place of business located at 2235 Mercury Way, Santa Rosa, California 95407.  At all times

12  relevant, Transworld has transacted business in this District and throughout the United States.

13  Transworld is engaged in the business of a collection agency, using the mails and telephone to

14  collect consumer debts originally owed to others. Transworld is a debt collector.

15    5.    Plaintiffs are currently ignorant of the true names and capacities, whether

16  individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious

17  names Does 1 through 5, inclusive, and therefore, sues such Defendants by such fictitious names.

18  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said

19  fictitiously named Defendants when their true names and capacities have been ascertained.

20  Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named

21  Doe Defendants are legally responsible in some manner for the events and occurrences alleged

22  herein, and for the damages suffered by Plaintiffs.

23    6.    Plaintiffs are informed and believe and based thereon allege that all defendants,

24  including the fictitious Doe Defendants, were at all relevant times acting as actual agents,

25  conspirators, ostensible agents, partners and/or joint venturers and employees of all other

26  defendants, and that all acts alleged herein occurred within the course and scope of said agency,

27  employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or

28  implied permission, knowledge, consent, authorization and ratification of their co-Defendants;

---

Class Action Complaint                              2

however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

7. All Defendants, including Does 1 through 5, are collectively referred to as "Defendants" or "Transworld."

8. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

9. For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

10. This Court has personal jurisdiction over the Defendants under California Code of Civil Procedure section 410.10 because many of the acts alleged herein were committed and injury was incurred in Sonoma County, California.

11. Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. All allegations in this complaint are based on information and belief and/or the documents and information currently available, and are such that additional evidentiary support and detail will be forthcoming after a reasonable opportunity for further investigation or discovery.

## Intradistrict Assignment

13. A substantial part of the events which give rise to the claim occurred in Sonoma County. Under Local Rule 3-2(c), (d), this civil action should be assigned to the San Francisco division of the Northern District of California.

## The Telephone Consumer Protection Act

14. Congress enacted the Telephone Consumer Protection Act in 1991. The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

Class Action Complaint                                  3

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a . . . cellular telephone service . . .

47 U.S.C. § 27(b)(1)(A).

15. The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may . . . bring . . . an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above].

47 U.S.C. § 227(b)(3).

**Plaintiffs' Individual Allegations**

16. Transworld has persistently and repeatedly called Plaintiffs' cellular telephone, seeking to contact another individual who apparently owes money to Transworld. As Plaintiffs have explained to Transworld, neither Plaintiff is the person that Transworld is seeking, Plaintiffs do not know this person, and the other person does not use the number at which Transworld calls Plaintiffs.

17. The cell phone called by Transworld was purchased jointly by Plaintiffs on or about November 7, 2013. Plaintiff Carol Kleja is the exclusive user of this cell phone. Plaintiffs' cellular telephone plan for this phone is a prepaid plan that Plaintiffs pay in advance for a set number of minutes, which number is reduced during phone calls received or made.

18. Plaintiffs have received numerous calls from Transworld beginning in approximately December 2013. After receiving the first few calls, Plaintiff John Kleja spoke with Transworld representative in late December 2013. This representative said that Plaintiffs' number was called because Transworld was attempting to collect a debt from another person. Mr. Kleja told the representative that neither he nor his wife knew this other person and he asked that Transworld stop calling the phone number. The Transworld representative agreed that

Transworld would no longer call the Kleja's phone number.  Despite this conversation, Transworld continued to call Plaintiffs, frequently multiple times in a single day.

19.     On December 27, 2013, Plaintiff John Kleja called back Transworld at (850) 250-2484 (the Transworld number displayed in the call log for Plaintiffs' cellular telephone) and spoke with another Transworld representative.  Mr. Kleja again explained to the Transworld representative that he and his wife were not the person that Transworld was attempting to contact, that they did not know the person, and he requested that Transworld stop calling Plaintiffs' cellular phone.  Transworld's representative assured Mr. Kleja that Transworld would stop calling Mr. and Mrs. Kleja.  Nonetheless, the calls from Transworld continued.

20.     Plaintiffs specifically allege that Transworld called their cellular telephone over twenty-five (25) times between December 2013 and the present.

21.     Transworld did not have prior express consent to call Plaintiffs' cellular telephone.

22.     During all of Transworld's calls, there was a significant pause before Transworld's representative started speaking, which is a telltale sign that Transworld used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*"). Based on information and belief, Transworld placed each and every call alleged in this complaint with one or more predictive dialers.

23.     The Form 10-K for the year ended December 31, 2011 for Transworld's parent company Expert Global Solutions, Inc. states that: "We provide the following BPO [Business

Process Outsourcing] Services:"

**Accounts Receivable Management**

. . . .

*Transworld Systems.* Our subsidiary, Transworld Systems Inc., provides first-and third-party early stage and past due account recovery services for small, medium and large businesses through a demand letter series, reminder calls, or a customized program to fit individual business needs.
. . . .

**Technology and Infrastructure**

We have implemented a scalable technical infrastructure that can flexibly support growing client volume while delivering a high level of reliability and service. Our customer contact centers feature advanced technologies, including predictive dialers . . .

. . . .

Our [Accounts Receivable Management] call centers utilize both virtual and onsite predictive dialers to address our low-balance, high-volume accounts, and our CRM centers utilize predictive dialers to conduct our clients' outbound calling campaigns. These systems scan our databases, simultaneously initiate calls on dedicated predictive dialers, and determine if a live connection is made.

24.     Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiffs' cellular telephone number when Transworld made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiffs' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

25.     None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

### Class Certification Allegations

26.     **Class Definition:** Plaintiffs seek to certify a class and brings this Complaint against the Defendants, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:
(a) all natural persons residing in the United States;
(b) who received one or more telephone calls from a predictive dialer operated by

Defendants to their cellular telephone number;
(c) on or before four years from the date this complaint is filed; where
(d) the person never had an agreement with the creditor for whom Transworld seeks to collect (the "Class").

27.     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiffs reserve the right to revise the definition of the Class based on facts learned during discovery. Plaintiffs are members of the Class.

28.     **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Plaintiffs at this time, but such information is readily ascertainable by Defendants. The Class is so numerous that joinder of all members is impractical. Plaintiffs allege that there are more than 40 members of the Class.

29.     **Class Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member. The predominant common questions include:

    a.     Whether Defendants' telephone system constitutes an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1);

    b.     The manner in which Defendants obtained the Class members' cellular telephone phone numbers and whether Defendants verified that numbers were still registered to the person that Transworld was attempting to call.

    c.     Whether there is evidence Defendants had prior express consent to call class members.

    d.     Whether Defendants' calls violated the TCPA.

30.     **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs are not different in any relevant way from any other member of the Class, and the relief they seek is common to the Class.

31.     **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class: Plaintiffs interests do not conflict with the interests of the other class members. Plaintiffs have retained counsel competent and experienced

1  in complex class actions, and they intend to prosecute this action vigorously.

2    32.   **Predominance and Superiority:** The Class alleged in this Complaint is

3  appropriate for certification because class proceedings are superior to all other available methods

4  for the fair and efficient adjudication of this controversy, since joinder of all members is

5  impracticable. The damages suffered by each individual member of the Class will likely be

6  relatively small, especially given the burden and expense of individual prosecution of the

7  complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class

8  members to individually obtain effective relief from Defendants' misconduct. Even if Class

9  members themselves could sustain such individual litigation, it would still not be preferable to a

10 class action, because individual litigation would increase the delay and expense to all parties due

11 to the complex legal and factual controversies presented in this Complaint. By contrast, class

12 actions present far fewer management difficulties and provide the benefits of single adjudication,

13 economy of scale, and comprehensive supervision by a single Court. Economies of time, effort,

14 and expense will be fostered and uniformity of decisions will be ensured.

15    33.   **Generally Applicable Policies:** This class action is also appropriate for

16 certification because Defendants have acted or refused to act on grounds generally applicable to

17 the class, thereby making appropriate final injunctive relief or corresponding declaratory relief

18 with respect to the Class as a whole. The policies of the Defendants challenged herein apply and

19 affect members of the Class uniformly, and Plaintiffs' challenge of these policies hinges on

20 Defendants' conduct, not on facts or law applicable only to Plaintiffs.

21    34.   **Injunctive Relief is Appropriate:** Based on information and belief, Defendants

22 continue to engage in the improper practices discussed above. Injunctive relief is necessary and

23 appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiffs and Class

24 members for which they have no adequate remedy at law.

25                **FIRST CAUSE OF ACTION:**
                **Violation of the TCPA Against All Defendants**
26            **by Plaintiffs Individually and on Behalf of the Class**

27    35.   Plaintiffs hereby incorporate by reference the allegations contained in all

28 preceding paragraphs of this complaint. Plaintiffs assert this claim on behalf of themselves and

---

Class Action Complaint                        8

1   the Class members.

2       36.    Transworld makes outgoing calls to consumers and others in the regular course of

3   its business. Transworld called Plaintiffs' and Class members' cellular telephone numbers.

4       37.    Transworld placed calls to Plaintiffs and Class members using predictive dialers.

5   The predictive dialers are an automatic telephone dialing system; no human manually entered the

6   cellular telephone numbers which Defendants called at the time the call was made. Rather, the

7   predictive dialers electronically dialed the Class members' cellular telephones in an automated

8   fashion. The predictive dialers are capable of storing, producing, and dialing any telephone

9   number, and are capable of storing, producing, and dialing telephone numbers using a random or

10   sequential number generator. The predictive dialers otherwise constitute an "automatic telephone

11   dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

12       38.    The TCPA provides an affirmative defense for calls made with "the prior express

13   consent of the called party."  Defendants do not and did not obtain legally effective prior express

14   consent to call the called parties (here, Class members) because, by definition, members of the

15   Class have no relationship with the creditors for whom Transworld seeks to collect.  Transworld

16   fails to determine whether the intended recipients of its calls are the current subscriber for the

17   telephone numbers it calls. Transworld fails to eliminate Class members' telephone numbers

18   from its calling lists even after Class members (like the Plaintiffs here) inform Transworld that it

19   is calling a wrong number.  When Transworld obtains Class members' cellular telephone

20   numbers in this manner, it does not have legally effective prior express consent to call those

21   numbers.

22       39.    Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to

23   Plaintiffs and the other members of the Class (1) that were automatically dialed by Transworld's

24   telephone system; (2) made to a cellular telephone number; (3) which number Transworld knew

25   or should have known was not the number of the person being called; and/or (4) which number

26   Transworld failed to confirm was still the telephone number of the alleged debtor.

27

28

40.     Plaintiffs, on their own behalf, and behalf of the other Class members, seek to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendants. Plaintiffs bring this action as private attorney generals, and to vindicate and enforce an important right affecting the public interest. Plaintiffs are therefore entitled to an award of attorneys' fees under California Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiffs John and Carol Kleja pray that the Court enter judgment and orders in his favor and against Transworld Systems, Inc. and Does 1 to 5 as follows:

a.     An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent the Class;

b.     Judgment against Defendants, and in favor of Plaintiffs and the other Class members in the amount of $1,500 per violation of the TCPA as proven at trial;

c.     Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d.     An order granting costs and attorneys' fees; and

e.     Such other and further relief as this Court may deem appropriate.

Dated: March 3, 2014          By:     s/David C. Parisi
                                        David C. Parisi (162248)
                                        Suzanne Havens Beckman (188814)
                                        PARISI & HAVENS LLP
                                        212 Marine Street
                                        Santa Monica, California 90405
                                        (818) 990-1299 (telephone)
                                        (818) 501-7852 (facsimile)
                                        dcparisi@parisihavens.com
                                        shavens@parisihavens.com

                                        Ethan Preston (263295)
                                        PRESTON LAW OFFICES
                                        8245 North 85th Way
                                        Scottsdale, Arizona 85258
                                        (480) 269-9540 (telephone)
                                        (866) 509-1197 (facsimile)
                                        ep@eplaw.us

                                        *Attorneys for Plaintiffs John and Carol Kleja, on their own behalf, and behalf of all others similarly situated*

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 3, 2014                    By:    s/David C. Parisi
                                               David C. Parisi (162248)
                                               Suzanne Havens Beckman (188814)
                                               PARISI & HAVENS LLP
                                               212 Marine Street
                                               Santa Monica, California 90405
                                               (818) 990-1299 (telephone)
                                               (818) 501-7852 (facsimile)
                                               dcparisi@parisihavens.com
                                               shavens@parisihavens.com


                                               Ethan Preston (263295)
                                               PRESTON LAW OFFICES
                                               8245 North 85th Way
                                               Scottsdale, Arizona 85258
                                               (480) 269-9540 (telephone)
                                               (866) 509-1197 (facsimile)
                                               ep@eplaw.us

                                               *Attorneys for Plaintiffs John and Carol
                                               Kleja, on their own behalf, and behalf of all
                                               others similarly situated*