David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiffs John and Carol Kleja, on their own behalf, and behalf of all others similarly situated*

Debbie P. Kirkpatrick (207112)
Damian P. Richard (262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108
(619) 758-1891 (telephone)
(619) 296-2013 (facsimile)
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

*Attorneys for Defendant Transworld Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| JOHN KLEJA and CAROL KLEJA, individuals, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC., a California corporation and DOES 1-5, inclusive, <br><br> Defendants. | No. 4:14-cv-00946-CRB <br><br> **ORDER LIFTING STAY CONTINUING STATUS CONFERENCE** <br><br> Date:      August 14, 2015 <br> Time:     8:30 a.m. <br> Location: Courtroom 6, 17th Floor |

The parties to the above-entitled action jointly submit this Status Report and Proposed Order.

## I. JURISDICTION

All parties have been served and have responded. The case is at issue. Plaintiffs' claims arise under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). Under *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction over Plaintiffs' TCPA claims.

On April 10, 2015, the Court granted Defendant Transworld Systems, Inc. ("Transworld")'s Motion to Stay the case pending the Federal Communication Commission ("FCC")'s ruling on regulations implementing the TCPA. [Dkt. 78.]

On July 18, 2015, the FCC ruled and granted a TCPA safe harbor provision for a "wrong number" call to a consumer where the calling party had no actual or constructive knowledge that the cellular number had been reassigned and no longer belonged to the recipient. (*See FCC, In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, ¶¶ 89-91 (Adopted June 18, 2015, Released July 10, 2015) ("2015 TCPA Order").

In light of the 2015 TCPA Order, the parties stipulate that the Court's Stay should be lifted.

## II. FACTS

### a. Defendant

Plaintiffs Carol and John Kleja ("Plaintiffs") are residents of Bethlehem, Georgia. Carol Kleja's discount cellular provider assigned her a recycled number which was previously assigned to a woman in Florida who failed to pay her hospital bill. Transworld, the hospital's debt collector, placed one (1) dialer call and three (3) manual calls to the cellular number in an attempt to collect on the debt, not knowing that the debtor had abandoned the number. Carol Kleja did not answer any of the calls. Only one (1) call was made through a system that Plaintiffs allege constitutes an automatic telephone dialing system ("ATDS") governed by the

TCPA under 47 U.S.C. § 227(a)(1). The other three calls were made manually, without the use of a dialer, and therefore are not governed by the TCPA.

In its 2015 TCPA Order, the FCC addressed the voluminous evidence in its record that callers have no guaranteed means to identify and therefore avoid dialing a number that has been unknowingly reassigned, the FCC ruled that callers like Transworld will have a one call "safe harbor" for a single dialer call to a reassigned number in order to gain actual or constructive knowledge of a reassignment. (2015 TCPA Order, at ¶¶ 89-91.)

### b. **Plaintiff**

Plaintiffs dispute Transworld's legal conclusions above. First, the Klejas do not concede that Transworld made the "manual" calls from equipment that does not constitute an ATDS. The parties have not developed the record as to what equipment Transworld used to make the first three "manual" calls to the Klejas' cellular telephone. Under the 2015 TCPA Order, the use of human intervention in the course of making a call is not dispositive as to whether or not the equipment that dialed the call constitutes an ATDS: "dialing equipment generally has the [requisite] capacity [to constitute an ATDS] *even if it is not presently used for that purpose, including when the caller is calling a set list of consumers*." (2015 TCPA Order, at ¶10.) In any event, Transworld cannot produce the evidence necessary to bring it within the 2015 TCPA Order's safe harbor.

> The caller, and not the called party, bears the burden of demonstrating: (1) that he had a reasonable to basis to believe he had consent to make the call, and (2) that he did not have actual or constructive knowledge of reassignment prior to or at the time of this one-additional-call window we recognize as an opportunity for callers to discover reassignment.

(*Id*. ¶85.) Here, Transworld did not listen to the Klejas' voicemail message during any of the three manual calls. If it had, it could have and would have learned that it was calling the wrong number. These three missed opportunities are sufficient to foreclose the application of the safe harbor.

> A caller receives constructive knowledge of reassignment *by making or initiating a call to the reassigned number*, which often can provide a reasonable opportunity

> for the caller to learn of the reassignment in a number of ways, including by hearing a tone indicating the number is no longer in service or *hearing a name on a voicemail greeting that is different from the name of the party the caller intended to call*.

(*Id*. ¶82 n. 293) (italics added). Transworld has not and cannot demonstrate that it is entitled to summary judgment on either its "manual" calls or LiveVox call.

### III. LEGAL ISSUES

Whether the wrong number safe-harbor provision from the FCC's 2015 TCPA Order applies to the facts of this case in order to negate Plaintiffs' TCPA claim.

Whether the TCPA's definition of an ATDS applies to the equipment used to place the first three "manual" calls to Plaintiffs' cellular telephone.

Whether a class can be certified or if the individual inquiries needed to ascertain the class and resolve disputed legal issues preclude certification.

### IV. ANTICIPATED MOTION FOR SUMMARY JUDGMENT AND STIPULATION TO CONTINUE STATUS CONFERENCE

In light of the FCC's 2015 TCPA Order, Transworld anticipates filing a motion for summary judgment, contending that the wrong number safe-harbor provision applies. Plaintiffs will be opposing the motion, contending that the first three calls to the Klejas were made with an ATDS (even if they were made "manually") and that the 2015 TCPA Order's safe harbor does not apply.

Counsel have met and conferred on this issue, and will continue to meet and confer in an effort to resolve the case prior to filing the motion for summary judgment.

Because the FCC's 2015 TCPA Order was released just last month, the parties hereby request that the Status Conference be continued an additional 60 to 90 days. The parties believe that within that time the case will either be resolved, or a motion for summary judgment will be filed, and the further Status Conference can be set for the date of the motion hearing.

### V. DISCOVERY AND DISCLOSURES

Discovery is ongoing. The parties have exchanged initial disclosures under Rule 26(a)(1) and have conducted written discovery. [*See* Dkts. 40, 49-58.] Plaintiffs' depositions have been

noticed, but not yet scheduled.

Dated: August 7, 2015

By: */s/Ethan Preston*
Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs John and Carol Kleja, on their own behalf, and behalf of all others similarly situated*

By: */s/Damian P. Richard*
Debbie P. Kirkpatrick (207112)
Damian P. Richard (262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108
(619) 758-1891 (telephone)
(619) 296-2013 (facsimile)
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

*Attorneys for Defendant Transworld Systems, Inc.*

## ORDER

The parties to this action stipulated to lift the Stay imposed on April 10, 2015.

The parties further stipulated to continue the Status Conference set for August 14, 2015 for an additional 60 to 90 days.

Pursuant to the stipulation, and for good cause shown,

IT IS SO ORDERED

That the Stay imposed on April 10, 2015 is lifted.

That the Status Conference is continued from Friday, August 14, 2015 to Friday, November 13, 2015 at 8:30 a.m.

Date:  August 12, 2015           
                                  _____
                                  Hon. Charles R. Breyer
                                  U.S. District Court Judge